

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| J. JEFREY MATTHEWS<br>Post Office Box 27878<br>Tucson, AZ 85726-7878<br><br>and<br><br>MICHAEL R. DAVIS, as next of kin of Orie<br>Reginald Davis, Jr., deceased<br>6825 North 1st Place<br>Phoenix, AZ 85012<br><br>      Plaintiffs,<br><br>v.<br><br>ROBERT M. OWENS<br>46 North Sandusky Street, Suite 202<br>Delaware, Ohio 43015<br><br>      Defendant. | Civil Action No. _____<br><br>JUDGE  2:13CV1071<br>MAGISTRATE JUDGE _____<br><br>JUDGE MARBLEY<br><br>MAGISTRATE JUDGE KING<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

## COMPLAINT

Now come Plaintiffs J. Jefrey Matthews ("Matthews") and Michael R. Davis, as next of kin of Orie Reginald Davis, Jr., deceased and for their Complaint against defendant Robert M. Owens ("Defendant"), allege as follows:

### NATURE OF ACTION

1. The Defendant is an Ohio licensed attorney. This matter arises from the Defendant's representation of Matthews and Orie Reginald Davis, Jr. ("Davis") in 2012 with respect to their interest in certain gold- and silver-backed bonds of the United States of Mexico (the "Bonds"). The Bonds are bearer bonds, and accordingly, much like cash, whoever physically holds them is considered the owner.

2. The Bonds had been deposited for safekeeping at non-party Delaware County Bank & Trust Company (the "Bank").

3. In 2012, non-party Grupo Mundial Balboa International, S.A. ("GMB") filed suit in this Court against the Bank seeking release of the Bonds to GMB. *See Grupo Mundial Balboa Internacional, S.A. v. Delaware County Bank & Trust Company*, Case No. 2:12-cv-00900-MHW-MRA (S.D. Ohio) (the "GMB Lawsuit").

4. Fearing that their interest in the Bonds would be irrevocably lost if GMB gained possession of them, Matthews and Davis retained the Defendant to protect their interest in the Bonds.

5. The Defendant filed a motion to intervene in the GMB Lawsuit on behalf of his clients, Matthews and Davis, and filed an intervenor complaint requesting injunctive relief preventing release of the Bonds.

6. In response, GMB filed a notice voluntarily dismissing its lawsuit. This Court then issued an Order providing seven days to file any objections to GMB's requested dismissal of the lawsuit.

7. Inexplicably, the Defendant failed to object to dismissal of the GMB Lawsuit. Indeed, the Defendant inexplicably failed to take any action whatsoever to prosecute Matthews' and Davis' claims set forth in the motion to intervene and the intervenor complaint, or to otherwise prevent release of the Bonds.

8. Given the lack of objections, this Court dismissed the GMB Lawsuit, including the motion to intervene. Upon information and belief, the Bank then released the Bonds, thereby damaging the Plaintiffs' ability to enforce their interest in the Bonds.

9. The Defendant's failure to protect Matthews' and Davis' interest in the Bonds constitutes legal malpractice. The Defendant breached his duty of care to Matthews and Davis by failing to object to dismissal of the GMB Lawsuit, by failing to prosecute the claims set forth in the motion to intervene and intervenor complaint, and by failing to take any other action to protect Matthews' and Davis' interest in the Bonds.

10. Accordingly, Plaintiffs bring this lawsuit asserting a claim against the Defendant for legal malpractice.

## PARTIES

11. Plaintiff J. Jefrey Matthews is a resident of Tucson, Arizona.

12. Plaintiff Michael R. Davis brings this action as the next of kin of Orie Reginald Davis, Jr., who is recently deceased. Michael R. Davis is a resident of Phoenix, Arizona. The deceased, Orie Reginald Davis, Jr., was a resident of Phoenix, Arizona at the time of his death.

13. Defendant Robert M. Owens is an Ohio licensed attorney, who maintains a law office in Delaware, Ohio and is a resident of Ohio.

## JURISDICTION AND VENUE

14. This Court has general subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 inasmuch as this civil action is between citizens of different states and the amount in controversy exceeds $75,000.00.

15. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 82.1(b) and (c) inasmuch as the sole defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

16. On or about February 25, 2005, Matthews and Davis entered into an agreement with non-party Grupo Mundial Balboa International, S.A. ("GMB") pursuant to which Matthews and Davis received a security interest in certain gold- and silver-backed bonds of the United States of Mexico (the "Bonds").

17. The Bonds have previously been valued in excess of $21 billion. The interest of Matthews and Davis in the Bonds exceeds $75,000.00.

18. The Bonds are bearer bonds, and accordingly, much like cash, whoever physically holds the bonds is considered the owner.

19. Upon information and belief, GMB deposited the Bonds with the Delaware County Bank & Trust Company (the "Bank") in Lewis Center, Ohio in November 2005.

20. In November 2007, GMB asked the Bank to return the Bonds to GMB. The Bank, however, refused after being informed by Matthews and Davis of their security interest in the Bonds.

21. Matthews and Davis then filed suit against GMB in the Superior Court for Pima County, Arizona (the "Arizona Lawsuit"). The Arizona Lawsuit seeks a declaration affirming the interest of Matthews and Davis in the Bonds and declaring that any proceeds from the sale or disposition of the Bonds is subject to Matthews' and Davis' interest. The Arizona Lawsuit is still pending and is currently set for trial in June 2014.

22. On September 28, 2012, GMB filed suit in this Court against the Bank seeking the return of the Bonds. *See Grupo Mundial Balboa Internacional, S.A. v. Delaware County Bank & Trust Company*, Case No. 2:12-cv-00900-MHW-MRA (S.D. Ohio) (the "GMB Lawsuit").

23. In the GMB Lawsuit, GMB expressly requested injunctive relief requiring the Bank to return the Bonds to GMB.

24. In order to protect their interest in the Bonds, Matthews and Davis retained the Defendant. Specifically, Matthews discussed the matter on several occasions with the Defendant in early October 2012 and entered into a formal Hourly Fee Agreement with the Defendant on October 18, 2012. A copy of the Hourly Fee Agreement is attached as Ex. A.

25. On October 18, 2012, the Defendant filed a motion for leave to intervene on behalf of Matthews and Davis in the GMB Lawsuit (the "Motion To Intervene"). The purpose of the Motion To Intervene was to protect Matthews' and Davis' interest in the Bonds by preventing their release to GMB. Indeed, as part of the Motion To Intervene, the Defendant also filed a proposed intervenor complaint seeking preliminary and permanent injunctive relief preventing transfer of the Bonds.

26. On October 22, 2012, GMB filed a notice of voluntary dismissal.

27. On November 9, 2012, this Court entered an Order providing seven days to file any opposition to GMB's request for voluntary dismissal.

28. Inexplicably, the Defendant did not file any opposition to dismissal of the GMB Lawsuit. Indeed, the Defendant took no other action to protect the interests of his clients, Matthews and Davis. The Defendant, for example, failed to take any further action to prosecute the intervenor claims, or any other action to prevent release of the Bonds.

29. Given the lack of objections, on December 4, 2012, this Court entered an Order dismissing the GMB Lawsuit and removing the Motion To Intervene from the pending motions list as moot.

30. Upon information and belief, the Bank then released the Bonds to GMB on or about October 22, 2012.

31. The release of the Bonds has damaged Matthews' and Davis' ability to enforce their interest in the Bonds. As the Defendant himself represented to this Court in the Motion To Intervene:

> To the contrary, [Matthews' and Davis'] ability to enforce whatever interest they hold in the Bonds may be profoundly affected, if not completely foiled, by [GMB's] accomplishment of the relief it seeks in [the GMB Lawsuit]. This is because the Bonds are bearer bonds—much like cash. Once [GMB] removes them from [the Bank's] possession, transports them overseas, and transfers them, if [sic] will be much more difficult, if not impossible, for [Matthews and Davis] to track the Bonds and enforce their interests.

Motion To Intervene at 6.

32. The Defendant's failure to protect Matthews' and Davis' interest in the Bonds constitutes legal malpractice. The Defendant breached his duty of care to Matthews and Davis by failing to object to dismissal of the GMB Lawsuit, by failing to prosecute the claims set forth in the motion to intervene and intervenor complaint, and by failing to take any other action to protect Matthews' and Davis' interest in the Bonds.

33. The Defendant's legal malpractice has damaged Matthews and Davis in excess of $75,000.00. Accordingly, Matthews and Davis bring this lawsuit asserting a single claim of legal malpractice against the Defendant.

## COUNT ONE
## (LEGAL MALPRACTICE)

34. Plaintiffs reallege each and every allegation set forth in Paragraphs 1 through 33, above, as if fully rewritten herein.

35. An attorney-client relationship existed between the Defendant, Matthews and Davis.

36. The Defendant owed a duty of care to Matthews and Davis.

37. The Defendant breached his duty to Matthews and Davis.

38. Matthews and Davis have been damaged as a direct and proximate result of the Defendant's breach of duty.

WHEREFORE, Plaintiffs demand judgment in their favor and against defendant Robert M. Owens as follows:

(A) An award of compensatory damages against Robert M. Owens in excess of $75,000; and

(B) All such further relief, as the Court deems necessary or proper, including an award of fees and costs.

Respectfully submitted,

Dated: October 28, 2013

CARPENTER LIPPS & LELAND LLP

/s Jeffrey A. Lipps
Jeffrey A. Lipps (0005541)
  Trial Attorney
Michael N. Beekhuizen (0065722)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio 43215
Telephone: 614-365-4100
Facsimile: 614-365-9145
E-mail: Lipps@CarpenterLipps.com
        Beekhuizen@CarpenterLipps.com

Attorneys for Plaintiff J. Jefrey Matthews and Michael R. Davis

## JURY DEMAND

Plaintiffs J. Jefrey Matthews and Michael R. Davis hereby demand a trial by jury on all issues so triable.

Dated: October 28, 2013

CARPENTER LIPPS & LELAND LLP

/s Jeffrey A. Lipps
Jeffrey A. Lipps (0005541)
 Trial Attorney
Michael N. Beekhuizen (0065722)
CARPENTER LIPPS & LELAND LLP
280 Plaza, Suite 1300
280 North High Street
Columbus, Ohio  43215
Telephone:  614-365-4100
Facsimile:  614-365-9145
E-mail:  Lipps@CarpenterLipps.com
        Beekhuizen@CarpenterLipps.com

Attorneys for Plaintiffs J. Jefrey Matthews and Michael R. Davis

368818