**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **J. JEFREY MATTHEWS,** *et al.*, : | |
| : | Case No. 2:13-CV-01071 |
| **Plaintiffs,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| v. : | |
| : | Magistrate Judge King |
| **ROBERT M. OWENS,** : | |
| : | |
| **Defendant.** : | |

**OPINION & ORDER**

### I. INTRODUCTION

This matter is before the Court on Plaintiffs' Motion to Strike the Defendant's Answer (Doc. 13) and Defendant's Motion to Set Aside Entry of Default (Doc. 14). Plaintiffs argue that Defendant failed to appear timely in this matter and his Answer should be stricken. Conversely, Defendant argues that good cause exists and, therefore, the Entry of Default Judgment against him should be set aside. (Doc. 13). For the reasons set forth herein, Plaintiff's Motion is **DENIED** and Defendant's Motion is **GRANTED**.

### II. BACKGROUND

This matter arises from the Defendant's representation of J. Jefrey Mathews and Michael R. Davis in 2012 with respect to their interest in certain gold and silver-backed bonds of the United States of Mexico ("the Bonds"). The Bonds are bearer bonds, meaning whomever physically holds them is considered the owner. Plaintiffs had entered into an agreement with non-party Grupo Mundial Balboa International, S.A. ("GMB") pursuant to a security interest in the Bonds. The Bonds had been valued in excess of $21 billion. The Bonds had been deposited for safekeeping at Delaware County Bank & Trust Company ("the Bank"). In November 2007, GMB asked the Bank to return the Bonds to GMB. The bank refused, however, after being

informed of Plaintiff's security interest in the Bonds.  Plaintiffs then filed suit against GMB in the Superior Court for Pima County, Arizona (the "Arizona lawsuit"), seeking a declaration that any proceeds from the sale or disposition of the Bonds is subject to Plaintiffs' security interest.  The Arizona lawsuit is still pending.

On September 28, 2012, GMB filed suit in this Court against the Bank, seeking release of the Bonds to GMB.  *See Grupo Mundial Balboa Internacional, S.A. v. Delaware County Bank & Trust Company*, Case No. 2:12-CV-00900 (S.D. Ohio) (the "GMB Lawsuit").  In this suit, GMB expressly requested injunctive relief to have the Bonds returned to it.  Fearing that their bonds would be irrevocably lost if GMB gained possession, Plaintiffs retained Defendant to protect their interest in the Bonds.  Plaintiffs had discussed the matter on several occasions with Defendant and entered into a formal, hourly-fee arrangement with Defendant on October 18, 2012.  Defendant filed a motion to intervene in the GMB lawsuit on behalf of Plaintiffs and filed an intervenor complaint requesting injunctive relief preventing release of the Bonds.

Subsequently, GMB filed a notice voluntarily dismissing its lawsuit, and this Court issued an order providing seven days to file any objections to GMB's requested dismissal.  Defendant did not object to dismissal of the GMB lawsuit, nor did he take any action to prosecute Plaintiff's claims set forth in the motion to intervene and the intervenor complaint or otherwise prevent the Bonds from being released.  In light of the lack of objections, this Court dismissed the GMB lawsuit, including the motion to intervene.  Upon being notified of the dismissal, the Bank then released the Bonds to GMB and thereby damaged Plaintiff's ability to execute their interests in the Bonds.

Plaintiffs argue that Defendant breached his duty of care to Plaintiffs by:  failing to object to the dismissal of the GMB lawsuit; failing to prosecute the claims set forth in the motion to

intervene and intervenor complaint; and failing to take any other action to protect their interest in the Bonds.  Accordingly, Plaintiffs filed their Complaint in this case on October 28, 2013, asserting a claim against the Defendant for legal malpractice.  Pursuant to Plaintiffs' request, the Clerk's Office issued the Summons and Complaint by certified mail on October 30, 2013.  The summons was returned executed on October 31, 2013, and the Clerk noted the Defendant's answer date as November 21, 2013.  On November 22, 2013, Defendant had not answered, and accordingly Plaintiff moved the Clerk to enter a Default against Defendant.  (Doc. 10).

On November 25, 2013, a Default was entered against Defendant.  (Doc. 11).  On November 29, 2013, Defendant filed his Answer to the Complaint (Doc. 12), and on the same day, Plaintiffs moved this Court to Strike the Answer on the grounds that Defendant failed to appear timely and failed to present any grounds for setting aside the Default as required by Fed. R. Civ. P. 55(c).  (*See* Doc. 12; Doc. 13).  Defendant opposes Plaintiffs' Motion, on the grounds that striking an untimely answer is not an appropriate remedy.  (Doc. 16).

On December 2, 2013, Defendant filed a Motion to Set Aside Entry of Default on the grounds that good cause exists, alleging that he was served on November 11, 2013, rendering his answer due on December 2, 2013.  (Doc. 14).  Plaintiffs oppose, on the grounds that Defendant failed to come forward with facts demonstrating that he did not engage in any culpable conduct and that he failed to set forth a meritorious defense.  (Doc. 15).

### III.	STANDARD OF REVIEW

Rule 55(c) provides that "the Court may set aside an entry of default for good cause."  Fed. R. Civ. P. 55(c); *see also Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) ("when a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the 'good cause shown' standard.").  The three factors traditionally considered by courts in determining

3

whether good cause exists are whether: (1) the default was willful; (2) a set-aside would prejudice plaintiff; and (3) the alleged defense was meritorious. *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline Railroad*, 705 F.2d 839, 844 (6th Cir. 1983). Trials on the merits are preferred, and any doubts as to the "propriety of setting aside a default judgment should be resolved in favor of the application, even in a case where the showing is not strong." *Amari v. Spillan*, No. 2:08-cv-829, 2009 WL 5216042, at *3 (S.D. Ohio Dec. 29, 2009).

## IV.  LAW AND ANALYSIS

Plaintiffs moves the Court to strike Defendant's untimely answer under Fed. R. Civ. P. 12(f), which provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Although postured as a Motion to Strike, the substance of Plaintiffs' pleading is that Defendant's failure to answer timely is a default. (*See* Doc. 19). The Sixth Circuit has held that an answer or other opposition to a Motion for Entry of Default Judgment may be treated as a Motion to set aside Entry of Default. *United Coin Meter Co.*, 705 F.2d at 845. Accordingly, Plaintiffs' Motion to Strike the Defendant's Answer shall be treated as an opposition to Defendant's Motion to set aside the Entry of Default.

### A.  Meritorious Defense

Defendant first asserts that he has put forth a meritorious defense to Plaintiffs' single claim for legal malpractice. In order to prove a claim for malpractice, Plaintiffs must establish the following elements: "(1) that the attorney owed a duty or obligation to the Plaintiff; (2) the attorney breached that obligation and failed to conform to the standard required by law; and (3) the conduct complained of is causally connected to the resulting damage or loss." *Shottenstein, Zox & Dunn, LPA v. C.J. Mahan Constr. Co., LLC*, No. 08AP-851, 2009 WL 2196782, ¶ 17

4

(Ohio App. July 23, 2009).  The Defendant urges that, in a legal malpractice action, he may testify about whether he met the standard of care and that independent expert testimony on that issue is not required.  *Vahdati'bana v. Scott R. Roberts & Assoc. Co., L.P.A.*, No. 07AP-581, 2008 WL 713936, ¶ 31 (Ohio App. Mar. 18, 2008).  Defendant argues that he demonstrates that he did not breach the applicable standard of care in his representation of Plaintiffs; thus he asserts that he has a meritorious defense to Plaintiffs' claim.

Plaintiffs argue that Defendant has presented no facts demonstrating that he did not commit legal malpractice as alleged in the Complaint.  Rather, assert Plaintiffs, Defendant makes the conclusory statement that he did meet the applicable standard of care.  (Doc. 15 at 1). Plaintiffs insist that his unsupported statement is not admissible under Fed. R. Evid. 402, 403, 701, or 702, and does not provide any basis for this Court to find the possibility of a meritorious defense.  (*Id.* at 4).

To determine whether Defendant has a meritorious defense, the Court must consider whether the Defendant has advanced a defense good at law, not one that will necessarily succeed.  *United Coin Meter Co.*, 705 F.2d at 845.  Consistent with the "strong preference for trial on the merits in federal courts," advancing a meritorious defense is not a particularly onerous burden for the defendant.  *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986).  While Defendant's evidence falls short of supporting his claim that he met the applicable standard of care, he was only required to advance a defense that was good at law, not one which would succeed.  The defense advanced by Defendant—that he met the applicable standard of care—does prove that there is some possibility that the outcome of trial will be contrary to adverse judgment by default.  In addition to the defense set forth in Defendant's Motion to Set Aside Entry of Default, Defendant also advances defenses in his

5

Answer.  (Doc. 12).  As noted above, an "answer or other opposition to a motion for default may be treated as a motion to set aside entry of default".  *United Coin Meter Co.*, 705 F.2d at 844.  Defendant asserts several defenses including: denying liability (*id.*, ¶¶ 36-37); statute of limitations (*id.*, ¶ 41); failure to mitigate damages (*id.*, ¶ 42); and, assumption of risk (*id.*, ¶ 43).  Defendant has thus met the minimal standard that there is a meritorious defense.

### B.     Prejudice to Plaintiffs

Defendant next argues that Plaintiffs will not be prejudiced by the slight delay caused by setting aside the Entry of Default.  Defendant argues that Plaintiffs cannot demonstrate that they will be prejudiced by the delay and the brief period from the entry of default to the time when he filed the Answer underscores the lack of prejudice against Plaintiffs in setting aside the Default.

Plaintiffs do not contest prejudice, though they maintain that Defendant's motion should be denied, given his failure to make the requisite showing with respect to culpability and meritorious defense. (Doc. 15 at 1).  Moreover, "delay alone is not a sufficient basis for establishing prejudice."  *Dassault Systemes*, 663 F.3d at 842 (quotation omitted).  Accordingly, the Court finds that setting aside the Entry of Default will not prejudice Plaintiffs.

### C.     Culpable Conduct

The Defendant asserts that his affidavit, along with supporting documentation, reveals that his culpability did not lead to default in this case.  (Doc. 14 at 4).  Defendant alleges that he believed he was not served with the Summons and Complaint until November 11, 2013, and thus was under the impression that his answer was not due until December 2, 2013.  Further, after he understood a lawsuit had been filed against him, he wrote to Plaintiffs' counsel on November 17, 2013, in attempt to resolve this suit or seek an extension of time to file an Answer, which, he argues, demonstrates his lack of culpability.  (*Id.*).  Defendant insists that this is not a situation

where he simply ignored the Summons and Complaint, but an honest misunderstanding and thus his lack of culpability should weigh in favor of setting aside the Entry of Default.

Plaintiffs respond that the facts of the case suggest that Defendant willfully disregarded the time for his response to the Complaint. (Doc. 15). Plaintiffs first point to the fact that Defendant, an Ohio-licensed attorney, does not describe any steps he took in reviewing the Court's docket to learn the date of service and the response date, a practice which attorneys routinely take upon receiving notice that a complaint has been served. (*Id*. at 1-2). Plaintiffs also argue that Defendant has told inconsistent stories regarding the receipt of his Complaint. (*Id.* at 2). Plaintiffs refer, first, to their correspondence with Defendant's counsel, where Defendant's counsel stated that Defendant was not aware of the Summons and Complaint until the weekend of November 24, yet Defendant now contends he was aware of the Complaint at least ten days earlier, on November 14 or 15. (Doc. 15 at 2). Second, Plaintiffs point to a letter they received from Defendant on November 26, dated November 17 and postmarked November 25. (*Id.*). When Plaintiffs' counsel asked for an explanation for the discrepancy between the purported date of the letter and the date it was mailed, neither Defendant nor his counsel provided any explanation other than to blame the post office. (*Id.*). Third, Plaintiffs take issue with Defendant's affidavit wherein he mentions that his wife was absent from the office in November, yet Defendant was served at his law office and the certified mail receipt was signed by Defendant's wife. (*Id.* at 3). Plaintiffs note that Defendant's willful failure to determine his response date is markedly similar to the conduct alleged in the Complaint. (*Id.*). Specifically, Plaintiffs compare Defendant's alleged failure to respond timely in this case with his alleged failure to obey the court-ordered date for filing objections to dismissal in the underlying lawsuit. (*Id.*).

7

Negligence or failure to act reasonably is not sufficient to sustain a default judgment. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 327 (6th Cir. 2010). While all three of the above factors must be considered in ruling on a motion to set aside an entry of default, where a defendant has advanced a meritorious defense and the plaintiff will not be prejudiced, "it is an abuse of discretion for a district court to deny a rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194. First, without a doubt, it was Defendant's own negligence which led to the default judgment against him. While the Court is sympathetic to the fact that mistakes happen, Defendant is a practicing, licensed attorney in the state of Ohio and as such, should be aware of the obligations imposed on a party served with a complaint. On the other hand, Defendant did make an effort to expeditiously remedy his mistake. Defendant filed his Answer, and reached out to Plaintiffs' counsel in an attempt to resolve the case or seek an extension of time to file an Answer. Although Defendant's inconsistent statements demonstrate careless and negligent behavior, Defendant's conduct fails to rise to the level of willful. In light of the strong preference for a trial on the merits, this Court finds that Defendant's conduct fails to rise to the level of willful.

## V. CONCLUSION

For the reasons stated above, Defendant's Motion to Set Aside Entry of Default (Doc. 14) is **GRANTED**; the Clerk is **ORDERED** to set aside its previous entry of default against Defendant. Plaintiffs' Motion to Strike the Defendant's Answer (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

                                             s/ Algenon L. Marbley
                                             **ALGENON L. MARBLEY**
                                             **UNITED STATES DISTRICT JUDGE**

**DATED:  September 4, 2014**