IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| J. JEFREY MATTHEWS, et al., | : | |
| | : | |
| Plaintiff, | : | Case No. 2:13-cv-1071 |
| | : | |
| v. | : | JUDGE ALGENON L. MARBLEY |
| | : | |
| ROBERT M. OWENS, et al., | : | Magistrate Judge Kemp |
| | : | |
| Defendants. | : | |

## OPINION & ORDER

This matter is before the Court on plaintiff J. Jefrey Matthews' motion for voluntary

dismissal without prejudice of his claims against defendant Robert Owens, as well as the claims

against third-party defendants the Delaware Bank and Trust Company ("Delaware Bank") and

Grupo Mundial Balboa Internacional S.A. ("GMB"),  pursuant to Fed. R. Civ. P. 41(a)(2). (Doc.

72). Owens, having filed an answer and a counterclaim, objects to Plaintiff's request for

dismissal without prejudice. For the reasons stated herein, Plaintiff's motion is **GRANTED**.

## I.        BACKGROUND

This action arises from a related legal matter concerning Plaintiff's interest in certain

gold and silver-back bonds of the United States of Mexico ("the Bonds"). Plaintiff entered into

an agreement with GMB and held a security interest in the Bonds. Plaintiff deposited the Bonds

for safekeeping in Delaware Bank. Allegedly, in November 2007 GMB asked Delaware Bank to

return the bonds to GMB, but the Bank refused due to Plaintiff's security interest in them. On

September 28, 2012, GMB filed suit in this Court against the Delaware Bank, seeking release of

the Bonds ("GMB lawsuit"). Represented by Attorney Owens, Plaintiff filed a motion for leave

to intervene in that case, alleging an interest in the bonds. Plaintiff alleges that despite Delaware

1

Bank's and GMB's awareness of Plaintiff's security interest in the Bonds, they entered into a secret agreement in which the Delaware Bank agreed to release the Bonds to GMB in exchange for dismissal of the GMB lawsuit. The case was voluntarily dismissed.

On October 28, 2013, Plaintiff, through prior counsel, filed a complaint for legal malpractice against defendant Owens. Plaintiff alleges that Owens failed to object to the dismissal of the GMB lawsuit, or take any action to prosecute the motion to intervene in that lawsuit. Plaintiff alleges that Owen's failure to protect his interest in the Bonds constituted legal malpractice.

On November 29, 2013, Owens filed a motion for leave to file an amended answer and counterclaim against Plaintiff seeking $930.00 in attorney's fees. Owens also filed a third-party complaint seeking indemnification against the Delaware Bank and GMB for any liability determined against him in Plaintiff's suit.

On May 27, 2015, the Magistrate Judge conducted a status conference during which counsel for the plaintiff indicated that based on the results of litigation involving Plaintiff in Arizona, he believed Plaintiff's claims against Owens may not have ripened. On June 4, 2015, the Magistrate Judge conducted another status conference, at which time counsel for Owens objected to dismissal without prejudice of Plaintiff's claims.

On June 26, 2015, Plaintiff filed the instant motion. This Court held a status conference on September 8, 2015 and again on September 9, 2015. The parties were unable to reach an agreement regarding dismissal without prejudice. This matter has been fully briefed and is ripe for review.

## II.     ANALYSIS

### A.     Motion for Voluntary Dismissal Without Prejudice

Plaintiff seeks a court order permitting voluntary dismissal without prejudice of his complaint, pursuant to Fed. R. Civ. P. 41(a)(2). Defendant objects to dismissal, and argues that under Rule 41(a)(2), this Court does not have the discretion to permit voluntary dismissal because the counterclaim cannot remain pending for independent adjudication once the underlying complaint is voluntarily dismissed. Fed. R. Civ. P. 41(a)(2) states in full:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Although it is true that once Plaintiff's complaint is dismissed this Court no longer will have a basis for federal jurisdiction over Defendant's counterclaim, Defendant is incorrect that the only way this Court can retain jurisdiction over his counterclaim is by denying Plaintiff's request for voluntary dismissal. Instead, under Sixth Circuit precedent, the Court has broad discretion to exercise supplemental jurisdiction over state law claims, even after all federal claims in an action have been dismissed. *Musson Theatrical, Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1254 (6th Cir. 1996) (stating that a court is not categorically barred from deciding state law claims once federal claims have been dismissed and may choose to decide state law questions depending on factors such as "judicial economy, convenience, fairness, and comity") (quoting *Carnegie–Mellon Univ.,* 484 U.S. at 350, 108 S. Ct. 614); *St. v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).

Alternatively, other courts have found in situations similar to this one that "the pendency of a compulsory counterclaim will not defeat dismissal," under Rule 42(a)(2) "since the court may retain jurisdiction over a compulsory counterclaim under Rule 13 so long as it had subject matter jurisdiction over the main claim." *Eberhard Inv. Associates, Inc. v. Santino*, No. 01 CIV.3840 LMM, 2004 WL 594728, at *1-2 (S.D.N.Y. Mar. 25, 2004) (citing 8 James Wm. Moore, *Moore's Federal Practice,* § 41.40[8][a] (3d ed.1997) (footnotes omitted). Since a counterclaim for attorney's fees in response to a legal malpractice action is a compulsory counterclaim, this court has an independent basis for jurisdiction under Rule 13, as this Court had subject matter jurisdiction over Plaintiff's claims. *D'Jamoos v. Griffith,* 2005 WL 1077545 (E.D. N.Y. May 9, 2005) (holding that in suits alleging legal malpractice, counterclaims for legal fees arise from the same transactions from which malpractice claims arise, thus the court can retain jurisdiction over fees dispute after the malpractice claim is dismissed). *See also K.R.L. Partnership v. Superior Court,* 2004 WL 1515951 (Cal. App. 3rd Div. July 7, 2004) (holding that when a client sues an attorney for malpractice, the attorney's cross-complaint for unpaid legal fees is compulsory; therefore, the client may not obtain a change of venue based on the cross-complaint).

Now that this Court has determined it has independent bases for jurisdiction over Defendant's counterclaim, this Court must address whether to permit voluntary dismissal without prejudice of Plaintiff's complaint under Rule 41(a)(2). "Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 757 (6th Cir. 1974)). "[T]he purpose of Rule 41(a)(2) is to protect the nonmovant ... from unfair treatment." *Id.* To effectuate this purpose, district courts

4

consider whether permitting voluntary dismissal will cause the nonmovant to suffer "plain legal prejudice;" the "mere prospect of a second lawsuit," however, does not constitute plain legal prejudice. *Id.* Instead, the relevant factors to consider when assessing whether a defendant will suffer plain legal prejudice from plaintiff's voluntary dismissal without prejudice of the complaint are "defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id*. In this case, no preparation for trial has been made, no motion for summary judgment has been filed by the Defendant, and the Plaintiff has provided a sufficient explanation for the need to take a dismissal (unripened claim in light of the disposition in a related case). The only factor weighing in favor of the Defendant is that this case has been pending for two years. There is no allegation, however, that this delay is attributable only to a lack of diligence on the part of the Plaintiff. Defendant has expressed his desire to have this case resolved, as it causes him uncertainty in his legal practice. As stated, however, the mere prospect of a second lawsuit, without more, does not meet the plain legal prejudice standard to bar voluntary dismissal without prejudice.

This Courts notes, however, that it is common practice for courts to impose the condition of defense costs prior to granting voluntary dismissals without prejudice. *See* e.g., *Massey v. Ferndale,* No. 96-1386, 1997 WL 330652, at *3 (6th Cir. June 16, 1997) (unpublished table decision). Imposing defense costs on plaintiffs granted a voluntary dismissal is within the discretion of the Court. *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992). The purpose of this rule is to "compensat[e] the defendant for expenses in preparing for trial in the light of the fact that a new action may be brought in another forum." *Smoot v. Fox,*

5

353 F.2d 830, 833 (6th Cir. 1965); *Massey v. City of Ferndale*, 117 F.3d 1420 (6th Cir. 1997) ("The reasoning behind this rule is that a dismissal without prejudice does not preclude the Plaintiff from initiating the same action again and causing the Defendant to again begin preparing for trial."); *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. 1992). Thus, "when a district court conditions voluntary dismissal without prejudice upon payment of a defendant's fees, the court should award only those fees representing legal work that could not be used in subsequent litigation on the same claims." *AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2.

If a court decides to impose the payment of costs as a condition on a voluntary dismissal, "a notice to the moving party of the court's intent to do so is required. This is because a plaintiff who moves for dismissal without prejudice under Rule 41(a)(2) 'must be given a reasonable opportunity to withdraw his motion in the event the district court grants the motion' but with additional terms." *Kebede v. Johnny Rockets Grp., Inc.*, No. 2:05-CV-0006, 2005 WL 2493288, at *3-4 (S.D. Ohio Oct. 7, 2005) (quoting *Aug. Storck KG v. Nabisco, Inc.*, No. 95 C 1446, 1996 WL 634116, at *5 (N.D. Ill. Oct. 30, 1996) (quoting *Marlow v. Winston & Strawn,* 19 F.3d 300, 305 (7th Cir. 1994)).

This court elects to exercise its discretion to condition voluntary dismissal on the payment of costs. It falls squarely upon Plaintiff that its attorney prematurely filed the instant suit, and it would be unfair for the Defendant to bear the costs for Plaintiff's decision. Plaintiff has seven days from the date of this Order to withdraw the motion to dismiss should it determine it does not want to pay the costs and fees upon which this Court's dismissal is based. Should the Plaintiff move forward with its motion for voluntarily dismissal based on these conditions, the

Defendant will set forth in its motion for attorneys' fees and costs those fees and costs which were not expended on work which will be of use to Defendant in a subsequent suit.

Accordingly, Plaintiff's motion for dismissal without prejudice is hereby **GRANTED**, conditioned on its decision within 7 days to pay for costs and fees representing legal work that Defendant will not use in subsequent litigation on Plaintiff's same claims. (Doc. 72). This discretionary grant is permissible, as this Court concluded above that this Court continues to have an independent basis for jurisdiction over Defendant's counterclaim.

### B. Third-Party Complaint

Additionally, now that this Court has dismissed Plaintiff's complaint without prejudice, this Court also exercises its discretion to dismiss without prejudice Defendant's third-party complaint seeking indemnification from Delaware Bank and GMB "for such amounts as he may be found liable to Plaintiffs" in the underlying complaint. (*Defendant's Third Party Complaint*, Doc. 29 at 6). As the Sixth Circuit explained in *Am. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, "[t]he purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." 512 F.3d 800, 805 (6th Cir. 2008). Further "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim." *Id*. Because "[t]he third-party complaint is in the nature of an indemnity or contribution claim ... it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim." *Id*. Employing this rationale, the *Cooper Tire* Court found that "ultimately, a court has the discretion to dismiss a third-party claim after the original claims of the plaintiff have been settled, and relegate the third-party plaintiff to a separate suit." *Id*. at 805-

7

06 (citing *Propps v. Weihe, Black & Jeffries,* 582 F.2d 1354, 1355 (4th Cir. 1978), and Wright, Miller, Kane, Fed. Prac. & Proc.: Civ. 2d § 1444 at 340–44 (2d ed. 1990)).

The *Cooper Tire* Court applied this rule to find that since the defendant's third-party complaint was purely a derivative action of the original action, and the third-party defendant's liability was made dependent on the outcome of the litigation in the original action, "the continuing viability of Cooper Tire's third-party complaint, as a derivative action, came under question and the district court did not abuse its discretion in dismissing the action." *Id.* at 806. So too here, the continuing viability of Defendant's third-party complaint, as a purely derivative action of Plaintiff's complaint, is now under question after the dismissal without prejudice of Plaintiff's complaint. Accordingly, this court exercises its discretion and **DISMISSES** the third-party complaint without prejudice.

### C. Defendant's Counterclaim

Finally, this Court sees no reason that simply because an independent basis for jurisdiction over Plaintiff's counterclaim exists—a fact which precludes this Court from running afoul of Rule 41(a)(2) by dismissing Plaintiff's claims—this Court cannot now dismiss Defendant's counterclaim on other grounds. The purpose of the portion of Rule 41(a)(2) at issue is "to preserve the district court's jurisdiction over the parties and the counterclaim." Wright and Miller, Fed. Prac. & Proc.: Civ. 3d § 2365 at 518 (3d ed. 2008). It follows that where this Court finds for reasons other than Plaintiff's voluntary dismissal of its federal claims that this Court should relinquish jurisdiction, nothing in Rule 41 prevents this Court from doing so.

This Court, therefore, exercises its discretion to decline to exercise supplemental jurisdiction over Plaintiff's counterclaim now that this Court has dismissed all claims over which it had original jurisdiction.  *See* 28 U.S.C. § 1367(c)(3). *See Piedra v. Mentor Graphics Corp.,*

8

979 F. Supp. 1297, 1299 (D. Or. 1997) (holding, first, that the court had an independent basis for jurisdiction over defendant's counterclaim under Rule 41(a)(2) because it could exercise its discretion over state claims pursuant to 28 U.S.C. § 1365(a), and thus that dismissal of plaintiff's complaint was acceptable; and holding, second, that it would dismiss the counterclaim pursuant to its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it had original jurisdiction.)

A district court's decision whether to decide a pendent state-law claim after dismissing all claims over which it had original jurisdiction depends on a balancing of factors that include judicial economy, convenience, fairness, and comity. *Ferrette v. Cuyahoga Cnty. Bd. of Elections*, 105 F. App'x 722, 727 (6th Cir. 2004) (citations omitted). Dismissal of claims providing original jurisdiction at an early stage weighs strongly in favor of dismissing the remaining state-law claims. *Musson Theatrical Corp. v. Fed. Express Corp.,* 89 F.3d 1244, 1254–55 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."); *Gaff v. Fed. Deposit Ins. Corp.,* 814 F.2d 311, 319 (6th Cir. 1987) ("It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims."); *Aschinger v. Columbus Showcase Co.,* 934 F.2d 1402, 1412 (6th Cir. 1991) (only "overwhelming interests in judicial economy may allow a district court to properly exercise its discretion and decide a pendent state claim even if the federal claim has been dismissed before trial.").

At this early stage in the proceedings, well before discovery, summary judgment or trial, this Court finds no overwhelming interest in judicial economy sufficient to overcome the

presumption that a district court should decline to exercise jurisdiction over the state law counterclaim after dismissal all federal claims. Thus, this Court declines to exercise jurisdiction over the remaining state law claim. Accordingly, Defendant's counterclaim is hereby **DISMISSED** without prejudice.

### III.    CONCLUSION

In summary, Plaintiff's motion for voluntary dismissal of its complaint without prejudice is **GRANTED,** on the condition that within 7 days it does not withdraw its motion, thus indicating it consents to the conditions this Court placed on its request for dismissal. At that time, Defendant's counterclaim and third-party complaint both will be dismissed without prejudice, and this case will be dismissed in its entirety.

**IT IS SO ORDERED.**

**      s/ Algenon L. Marbley        **
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  September 15, 2015**